UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS CORHN JR.
   PLAINTIFF,

VS.

JAY COOLEY,
MATT MACAULEY,
JARED BUCHIN,
(UNKNOWN) GIBSON,
JANE DOE #1 (IBC NURSE),
   DEFENDANTS.

CASE 1:22-cv-282
HON. Sally J. Berens
MAG. U.S. Magistrate Judge

FILED - LN
March 25, 2022 2:10 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: eod / _____ SCANNED BY: /3/25

DENNIS CORHN JR. #611013
BELLAMY CREEK CORR. FACILITY
1727 W.BLUEWATER HWY.
IONIA, MICHIGAN 48846
PLAINTIFF, PRO SE

COMPLAINT AND JURY DEMAND

INTRODUCTION

THIS IS A CIVIL RIGHTS ACTION FILED BY DENNIS CORHN JR., A STATE PRISONER, FOR DAMAGES AND INJUNCTIVE RELIEF UNDER 42 USC § 1983, ALLEGING DENIAL OF MEDICAL CARE IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION, RETALIATION IN VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION, AND CIVIL RIGHTS CONSPIRACY TO DENY PLAINTIFF EQUAL PROTECTIONS AND PRIVILEGES UNDER THE LAWS IN VIOLATION OF 42 USC § 1985. ADDITIONALY, PLAINTIFF ALLEGES THE TORT OF NEGLIGENCE UNDER MICHIGAN TORT LAWS. PLAINTIFF FURTHER SEEKS A DECLARATORY JUDGMENT UNDER 28 USC § 2201 et seq.

1

AS TO THE UNCONSTITUTIONAL ACTS, OMISSIONS AND PRACTICES MADE BY ALL DEFENDANTS IN THIS MATTER.

JURISDICTION

1) THIS COURT HAS JURISDICTION OVER PLAINTIFFS CLAIMS AND VIOLATIONS OF FEDERAL CONSTITUTIONAL RIGHTS UNDER 42 USC §§ 1331(1) AND 1343.

2) THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS STATE LAW TORT CLAIMS UNDER 28 USC § 1367.

PARTIES

3) THE PLAINTIFF DENNIS CORHN JR. WAS INCARCERATED AT BELLAMY CREEK CORRECTIONAL FACILITY (IBC) DURING THE EVENTS DESCRIBED IN THIS COMPLAINT. PLAINTIFF DISCLOSES INVOLVEMENT IN 1 PRIOR LAWSUIT THAT HAD NONE OF THE FACTS OR CLAIMS ASSERTED IN THIS COMPLAINT. PLEASE SEE CASE NO. 12-cv-13059-GAD-RSW.

4) DEFENDANT JAY COOLEY, WAS A CORRECTIONAL OFFICER EMPLOYED AT IBC DURING THE EVENTS DESCRIBED IN THIS COMPLAINT. COOLEY WAS RESPONSIBLE FOR ENSURING PRISONERS ARE NOT SUBJECTED TO MENTAL OR PHYSICAL ABUSE BY THEMSELVES OR BY OTHER STAFF AND THAT HEALTHCARE, INCLUDING PSYCHIATRIC SERVICES, ARE AVAILABLE CONSISTANT WITH CONTEMPORARY STANDARDS OF MEDICAL PRACTICES IN THE COMMUNITY.

5) DEFENDANT MATT MACAULEY WAS THE WARDEN OF IBC DURING THE EVENTS DESCRIBED IN THIS COMPLAINT. MACAULEY WAS RESPONSIBLE FOR ENSURING PRISONERS ARE NOT SUBJECT TO MENTAL AND PHYSICAL ABUSE BY THEMSELVES OR BY OTHER CORRECTIONS STAFF AND THAT HEALTHCARE, INCLUDING PSYCHIATRIC SERVICES, ARE AVAILABLE CONSISTANT WITH CONTEMPORARY STANDARDS OF MEDICAL PRACTICE IN THE COMMUNITY.

6) DEFENDANT JARED BUCHIN WAS THE PRISON COUNSELOR FOR UNIT 6 AT IBC DURING THE EVENTS DESCRIBED IN THIS COMPLAINT. BUCHIN WAS RESPONSIBLE FOR ENSURING PRISONERS ARE NOT SUBJECT TO MENTAL OR PHYSICAL ABUSE BY THEMSELVES OR BY OTHER CORRECTIONS STAFF AND THAT HEALTHCARE, INCLUDING PSYCHOLOGICAL SERVICES, ARE AVAILABLE CONSISTANT WITH CONTEMPORARY STANDARDS OF MEDICAL PRACTICES IN THE COMMUNITY.

7) DEFENDANT (UNKNOWN) GIBSON WAS A CORRECTIONS OFFICER EMPLOYED AT IBC DURING THE EVENTS DESCRIBED IN THIS COMPLAINT. GIBSON WAS RESPONSIBLE FOR ENSURING PRISONERS ARE NOT SUBJECT TO MENTAL OR PHYSICAL ABUSE BY THEMSELVES OR BY OTHER CORRECTIONS STAFF.

8) DEFENDANT JANE DOE #1 WAS A NURSE EMPLOYED BY "CORIZON" BUT WORKING AS A NURSE AT IBC DURING THE EVENTS DESCRIBED IN THIS COMPLAINT. THE IDENTITY OF JANE DOE #1 IS UNKNOWN AS IT WAS NEVER REVEALED TO PLAINTIFF. JANE DOE #1 WAS RESPONSIBLE FOR ENSURING THAT HEALTHCARE, INCLUDING PSYCHOLOGICAL SERVICES, ARE AVAILABLE TO PRISONERS CONSISTANT WITH CONTEMPORARY STANDARDS OF MEDICAL PRACTICE IN THE COMMUNITY.

9) ALL DEFENDANTS ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES. ALL OFFICIAL CAPACITY CLAIMS ARE THE RESULT OF ALL DEFENDANTS CLAIMS TO HAVE FOLLOWED APPROPRIATE POLICIES AND PROCEDURES DURING THE EVENTS DESCRIBED IN THIS COMPLAINT.

10) ALL DEFENDANTS HAVE ACTED, AND CONTINUE TO ACT, UNDER COLOR OF STATE LAW AT ALL TIMES RELEVANT TO THIS COMPLAINT.

**FACTS**

11) ON 12-27-19 AROUND 6:30AM, I, PLAINTIFF, APPROACHED THE IBC HEALTHCARE WINDOW AND REPORTED TO JANE DOE #1 THAT I WAS

EXPERIENCING AN INFLUX OF UNCOMMON SYMPTOMS INCLUDING VOMITING, BLURRED VISION, DIZZINESS, SEVERE HEADACHE AND PAIN AROUND MY EYES. I REQUESTED TO BE IMMEDIATELY EVALUATED TO MAKE SURE I WAS OK.

12) JANE DOE 1 REFUSED TO EVALUATE ME AND TOLD ME TO RETURN TO HEALTHCARE AT 7:30 AM (WHEN JANE DOE 1 WOULD NO LONGER BE ON DUTY).

13) A SHORT TIME AFTER BEING REFUSED MEDICAL ASSISTANCE FROM JANE DOE 1, I APPROACHED DEFENDANT COOLEY AND REQUESTED A WRITTEN PASS TO HEALTHCARE AS INSTRUCTED BY JANE DOE 1 IN ORDER TO RECIEVE IMMEDIATE MEDICAL ATTENTION.

14) AS I BEGAN EXPLAINING TO COOLEY THE INFLUX OF SYMPTOMS I WAS EXPERIENCING, INCLUDING VOMITING, BLURRED VISION, SEVERE HEADACHE, DIZZINESS AND PAIN AROUND MY EYES, COOLEY REPLIED THAT HE DID NOT CARE ABOUT MY SYMPTOMS AND THAT HE WAS NOT GIVING ME A PASS TO GO TO HEALTHCARE.

15) A SHORT TIME AFTER BEING REFUSED, MEDICAL ASSISTANCE FROM COOLEY, I WENT UNCONCIOUS, FELL DOWN ON MY CELL FLOOR FROM A RUPTURED BRAIN ANNEURYSM AND HAD A HEMORRHAGIC STROKE.

16) I WAS LATER TRANSPORTED TO THE HOSPITAL AND UNDERWENT BRAIN SURGURY RESULTING IN THE PLACEMENT OF OVER 20 MEDICAL DEVICES THROUGHOUT MY BRAIN.

17) I RETURNED TO IBC ON 2-5-20 AND WAS PLACED BACK INTO UNIT 6.

18) ON 4-28-20 COOLEY EXHIBITED RETALIATORY BEHAVIOR THROUGH THREATS AND VERBAL HARASSMENT AND SAYING THINGS LIKE "I AM GOING TO GET YOU!". THIS BEHAVIOR WASNT SHOWN TOWARDS ANY OTHER PRISONER

AT THAT TIME.

19) ON 4-28-20 I SPOKE WITH DEFENDAT BUCHIN ABOUT THE RETALIATION I WAS EXPERIENCING WITH COOLEY. BUCHINE RESPONDED TO ME SAYING "IF YOU CONTINUE FILING GRIEVANCES THEN THIS WILL ONLY GET WORSE"

20) ON 7-2-20 DEFENDANT GIBSON BEGAN VERBALY HARASSING ME REGARDING MY BRAIN ANEURYSM AND SAYING THINGS LIKE "GO FILE ANOTHER GRIEVANCE YOU SHOULD HAVE DIED, AND DO YOU NOT HAVE A BRAIN ANYMORE?" ALL WHILE BEING BELIGERANT AND TAPPING ON HIS HEAD. HE THEN ISSUED ME A MINOR MISCONDUCT IN RETALIATION FOR ASKING HIM TO STOP.

21) ON 7-2-20 and 7-15-20 I SPOKE WITH BUCHIN ABOUT THE RETALIATION I WAS EXPERIENCING WITH GIBSON. BUCHIN RESPONDED ON 7-2-20 SAYING "I TOLD YOU THAT WOULD HAPPEN IF YOU CONTINUED WITH THAT GRIEVANCE" THEN RESPONDED ON 7-15-20 SAYING THAT "THE ISSUE ON GIBSON WAS UNGRIEVABLE" THEN FOUND ME GUILTY OF THE RETALIATORY MISCONDUCT.

22) ALL GRIEVANCES AND CLAIMS I MADE AGAINST ALL DEFENDANTS WERE DENIED AS NO VIOLATION OF MDOC POLICY.

23) ON 3-9-20 I RECIEVED A STEP 2 APPEAL RESPONSE FROM DEFENDANT MACAULEY REGARDING THE DENIAL OF MEDICAL ASSISTANCE BY COOLEY. MACAULEY RESPONDED TO THE MERITS, EXPLAINED THE SUBSTANCIAL AMOUNT OF EVIDENCE AGAINST COOLEY AND STATED THAT THERE WAS NO VIOLATION OF MDOC POLICY.

24) ON 5-20-20 I RECIEVED A STEP 2 APPEAL RESPONSE FROM MACAULEY REGARDING THE RETALIATION I WAS EXPERIENCING WITH COOLEY. MACAULEY RESPONDED TO THE MERITS, EXPLAINED THE SUBSTANCIAL AMOUNT OF EVIDENCE AGAINST COOLEY AND STATED THAT THERE WAS NO VIOLATION


OF MDOC POLICY.

25) ON 8-6-20 I RECIEVED A STEP 2 APPEAL RESPONSE FROM MACAULEY REGARDING THE RETALIATION I WAS EXPERIENCING WITH GIBSON. MACAULEY RESPONDED TO THE MERITS, EXPLAINED THE SUBSTANCIAL AMOUNT OF EVIDENCE AGAINST GIBSON AND THAT THERE WAS NO VIOLATION OF MDOC POLICY.

26) MACAULEYS RESPONSES ON 3-9-20 and 8-6-20 BOTH DECLARED THAT BUCHINS RESPONSE TO THE SITUATION WAS ADEQUATE AND APPROPRIATE.

27) DURING ALL RELEVANT TIMES IN THIS COMPLAINT, DEFENDANTS COOLEY, MACAULEY, BUCHIN, GIBSON AND JANE DOE #1 WERE EMPLOYED BY THE MDOC AND WAS TO UPHOLD ALL MDOC POLICIES AND PROCEDURES AS WELL AS RELATING STATUTES AND/OR LAWS.

## COUNT 1
### 1ST AMENDMENT TO THE U.S. CONSTITUTION
### RETALIATION FOR THE EXERCISE THEREOF

(AGAINST DEFENDANTS COOLEY, BUCHIN AND GIBSON)

28) PLAINTIFF INCORPORATES BY REFERRENCE THE FOREGOING PARAGRAPHS OF THIS COMPLAINT AS THOUGH FULLY SET FORTH HEREIN.

29) AT ALL RELEVANT TIMES IN THIS COMPLAINT, DEFENDANTS COOLEY, GIBSON AND BUCHIN HAD SUFFICIENT KNOWLEDGE THROUGH STATUTES, REGULATIONS, MDOC POLICIES AND CORRECTIONAL KNOWLEDGE THAT I HAD A RIGHT TO ACCESS THE COURTS WITHOUT FEAR OF RETALIATION FOR DOING SO.

30) PLAINTIFF IS REQUIRED TO FILE FORMAL GRIEVANCES AND EXHAUST ALL ADMINISTRATIVE REMEDIES IN ORDER TO PURSUE A CIVIL RIGHTS COMPLAINT

AGAINST ANY MDOC EMPLOYEE.

31) ON 4-28-20 DEFENDANT COOLEY DID SHOW A PATTERN OF RETALIATORY BEHAVIOR WHICH INCLUDED THREATS, HARASSMENT AND UNEQUAL TREATMENT AFTER PLAINTIFF FILED A FORMAL GRIEVANCE ON COOLEY FOR VARIOUS CIVIL RIGHTS VIOLATIONS.

32) ON 7-2-20 DEFENDANT GIBSON DID SHOW RETALIATORY BEHAVIOR WHICH INCLUDED THREATS, HARASSMENT, ISSUANCE OF A MISCONDUCT TICKET, AND UNEQUAL TREATMENT WHICH DIRECTLY RELATED TO THE CIVIL RIGHTS VIOLATIONS ASSERTED AGAINST DEFENDANT COOLEY AND JANE DOE #1.

33) ON 4-28-20 DEFENDANT BUCHIN DID SHOW RETALIATORY BEHAVIOR WHEN I SPOKE TO BUCHIN ABOUT DEFENDANT COOLEYS BEHAVIOR AND HIS RESPONSE "IF YOU CONTINUE FILING GRIEVANCES THIS WILL ONLY GET WORSE".

34) ON 7-2-20 AND 7-15-20 DEFENDANT BUCHIN DID SHOW RETALIATORY BEHAVIOR WHEN BUCHIN RESPONDED "I TOLD YOU THIS WOULD HAPPEN IF YOU CONTINUED WITH THAT GRIEVANCE" AND "THE ISSUE WITH GIBSON WAS UNGRIEVABLE" AND FINDING ME GUILTY OF A CLEAR RETALIATORY GRIEVANCE.

## COUNT 2

## 8TH AMENDMENT TO THE U.S. CONSTITUTION

## CRUEL AND UNUSUAL PUNISHMENT

(AGAINST DEFENDANTS COOLEY AND JANE DOE #1)

35) PLAINTIFF INCORPORATES BY REFERRENCE THE FOREGOING PARAGRAPHS OF THIS COMPLAINT AS THOUGH FULL SET FORTH HEREIN.

36) AT ALL RELEVANT TIMES IN THIS COMPLAINT DEFENDANTS COOLEY AND

JANE DOE #1 HAD SUFFICIENT KNOWLEDGE THROUGH STATUTES, REGULATIONS, MDOC POLICIES AND CORRECTIONAL KNOWLEDGE THAT I HAD A RIGHT TO BE FREE FROM UNNECESSARY AND WONTON INFLICTION OF PAIN AND SUFFERING.

37) ON 12-27-19 DEFENDANT JANE DOE #1 DELIBERATELY REFUSED ME MEDICAL ASSISTANCE WHILE I WAS UNDER MEDICAL DURRESS AND EXPERIENCING AN UNCOMMON INFLUX OF DEBILITATING SYMPTOMS.

38) ON 12-27-19 DEFENDANT COOLEY DELIBERATELY REFUSED ME MEDICAL ASSISTANCE WHILE I WAS UNDER MEDICAL DURRESS AND EXPERIENCING AN UNCOMMON INFLUX OF DEBILITATING SYMPTOMS.

## COUNT 3
## MICHIGAN STATE TORT
## NEGLIGENCE

(AGAINST DEFENDANTS COOLEY AND JANE DOE #1)

39) PLAINTIFF INCORPORATES BY REFERRENCE THE FOREGOING PARAGRAPHS OF THIS COMPLAINT AS THOUGH FULLY SET FORTH HEREIN.

40) AT ALL RELEVANT TIMES IN THIS COMPLAINT, DEFENDANTS COOLEY AND JANE DOE #1 HAD SUFFICIENT KNOWLEDGE THROUGH STATUTES, REGULATIONS MDOC POLICIES AND CORRECTIONAL KNOWLEDGE THAT I HAD A RIGHT TO HEALTHCARE SERVICES CONSISTANT WITH CONTEMPORARY STANDARDS OF MEDICAL PRACTICE IN THE COMMUNITY.

41) ON 12-27-19 WHEN I REQUESTED MEDICAL ASSISTANCE, JANE DOE #1 FAILED TO USE SUCH CARE AS A REASONABLY PRUDENT AND CAREFUL PERSON WOULD UNDER SIMILAR CIRCUMSTANCES.

42) ON 12-27-19 WHEN I REQUESTED MEDICAL ASSISTANCE TO DEFENDANT COOLEY, COOLEY FAILED TO USE SUCH CARE AS A REASONABLY PRUDENT

AND CAREFUL PERSON WOULD USE UNDER SIMILAR CIRCUMSTANCES.

## COUNT 4

## CIVIL RIGHTS CONSPIRACY

## 42 USC § 1985

(AGAINST DEFENDANTS COOLEY, MACAULEY, BUCHIN AND GIBSON)

43) PLAINTIFF INCORPORATES BY REFERRENCE THE FOREGOING PARAGRAPHS OF THIS COMPLAINT AS THOUGH FULLY SET FORTH HEREIN.

44) AT ALL RELEVANT TIMES IN THIS COMPLAINT, DEFENDANTS COOLEY, GIBSON, BUCHIN AND MACAULEY HAD SUFFICIENT KNOWLEDGE THROUGH STATUTES, REGULATIONS, MDOC POLICIES AND CORRECTIONAL KNOWLEDGE THAT I HAD A RIGHT TO ACCESS THE COURT WITHOUT FEAR OF RETALIATION; I HAD A RIGHT TO BE FREE FROM UNNECESSARY AND WONTON INFLICTION OF PAIN AND SUFFERING; I HAD A RIGHT TO HEALTHCARE SERVICES CONSISTANT WITH CONTEMPORARY STANDARDS OF MEDICAL PRACTICE IN THE COMMUNITY; AND I HAD EQUAL PROTECTIONS OF THE LAWS RELATING TO THEREOF.

45) ON 4-28-20 DEFENDANT BUCHIN CONSPIRED WITH DEFENDANT COOLEY TO RETALIATE AGAINST ME WHEN I SOUGHT A RESOLUTION AGAINST COOLEYS RETALIATORY ACTIONS. THESE DEFENDANTS AGREED TO A COURSE OF CONDUCT THAT SUBJECTED ME TO RETALIATION FOR ASSERTING MY RIGHT TO ACCESS THE COURT.

46) ON 7-15-20 DEFENDANT BUCHIN CONSPIRED WITH DEFENDANT GIBSON TO RETALIATE AGAINST ME WHEN I WAS INTERVIEWED FOR THE GRIEVANCE FILED ON GIBSON. THESE DEFENDANTS AGREED TO A COURSE OF CONDUCT THAT SUBJECTED ME TO RETALIATION FOR ASSERTING MY RIGHT TO

ACCESS THE COURT.

47) ON 3-9-20 DEFENDANT MACAULEY CONSPIRED WITH DEFENDANTS COOLEY AND BUCHIN TO SUBJECT ME TO CRUEL AND UNUSUAL PUNISHMENT WHEN MACAULEY RESPONDED TO THE MERITS OF A GRIEVANCE AGAINST COOLEY, WAS PROVIDED EVIDENCE OF A SERIOUS CIVIL RIGHTS VIOLATION BY COOLEY, AGREED TO BUCHINS RESPONSE TO THE CIVIL RIGHTS VIOLATION, AND STILL DENIED THAT ANY VIOLATION EXISTED. THESE DEFENDANTS AGREED TO A COURSE OF CONDUCT THAT SUBJECTED ME TO UNECESSARY AND WONTON INFLICTION OF PAIN AND SUFFERING.

48) ON 5-20-20 DEFENDANT MACAULEY CONSPIRED WITH DEFENDANT COOLEY TO SUBJECT ME TO RETALIATION WHEN MACAULEY RESPONDED TO THE MERITS OF A GRIEVANCE AGAINST COOLEY, WAS PROVIDED EVIDENCE OF A CIVIL RIGHTS VIOLATION BY COOLEY AND STILL DENIED THAT ANY VIOLATION EXISTED. THESE DEFENDANTS AGREED TO A COURSE OF CONDUCT THAT SUBJECTED ME TO RETALIATION FOR MY RIGHT TO ACCESS THE COURT.

49) ON 8-6-20 DEFENDANT MACAULEY CONSPIRED WITH DEFENDANTS GIBSON AND BUCHIN TO SUBJECT ME TO RETALIATION WHEN MACAULEY RESPONDED TO THE MERITS OF A GRIEVANCE AGAINST GIBSON, WAS PROVIDED EVIDENCE OF A CIVIL RIGHT VIOLATION BY GIBSON AND STILL DENIED THAT ANY VIOLATION EXISTED. THESE DEFENDANTS AGREED TO A COURSE OF CONDUCT THAT SUBJECTED ME TO RETALIATION FOR MY RIGHT TO ACCESS THE COURT.

### DAMAGES

50) PLAINTIFF INCORPORATES BY REFERRENCE THE FOREGOING PARAGRAPHS AS THOUGH FULLY SET FORTH HEREIN.

51) THE ACTS, OMISSIONS AND PRACTICES OF ALL DEFENDANTS CONSTITUTING

VIOLATIONS OF MY CONSTITUTIONAL, STATUTORY AND COMMON LAW RIGHTS WERE AND ARE A PROXIMATE CAUSE OF MY DAMAGES.

52) AS A RESULT OF DEFENDANTS ADVERSE ACTS, OMISSIONS AND PRACTICES, I HAVE SUFFERED PHYSICAL, EMOTIONAL AND PSYCHOLOGICAL INJURIES. THESE INCLUDE BUT ARE NOT LIMITED TO A BRAIN ANEURYSM, SURGURY, PLACEMENT OF MEDICAL DEVICES THROUGHOUT MY BRAIN, LOSS OF FREEDOM AND HAPPINESS, LOSS OF FUTURE EMPLOYMENT OPPORTUNITIES, THREATS AND HARASSMENT BY MDOC EMPLOYEES AND FEAR OF REPORTING ANY FUTURE CIVIL RIGHTS VIOLATIONS ON ANY MEDICAL OR PROFFESSIONAL EMPLOYEES.

53) MOST INJURIES INFLICTED WERE WILLFUL, WANTON, PERSONAL AND THE RESULT OF INTENTIONAL OR DELIBERATE CONDUCT ENTITLING ME TO PUNITIVE DAMAGES.

**RELIEF REQUESTED**

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THIS COURT:

A) ASSERT JURISDICTION OVER THIS ACTION;
B) AWARD DAMAGES TO PLAINTIFF FOR HARM CAUSED BY DEFENDANTS UNCONSTITUTIONAL ACTS AND VIOLATIONS OF LAW, INCLUDING PUNITIVE DAMAGES WHERE APPROPRIATE;
C) DECLARE UNCONSTITUTIONAL THE ADVERSE ACTS, OMISSIONS AND PRACTICES TAKEN AGAINST PLAINTIFF;
D) ISSUE PERMANANT INJUNCTION PROHIBITING DEFENDANTS FROM SUBJECTING PLAINTIFF TO POLICIES AND PRACTICES THAT VIOLATE THEIR CONSTITUTIONAL, STATUTORY AND COMMON LAW RIGHTS;
E) AWARD REASONABLE COSTS AND EXPENSES INCURRED IN THE PROSECUTION OF THIS ACTION;

F) GRANT ANY OTHER FURTHER DECLARATORY AND EQUITABLE RELIEF AS THE COURT DEEMS APPROPRIATE, JUST AND PROPER.

RESPECTFULLY SUBMITTED,

DATE: 1/5/22

DENNIS CORHN JR. #611013

## DEMAND FOR TRIAL BY JURY

NOW COMES PLAINTIFF PROCEEDING PRO SE, HEREBY DEMANDING A TRIAL BY JURY AS TO ALL ISSUES TRIABLE AS OF RIGHT.

RESPECTFULLY SUBMITTED,

DATE: 1/5/22

DENNIS CORHN JR. #611013

## DECLARATION

I, DENNIS CORHN JR., DECLARE UNDER THE PENALTIES OF PERJURY THAT THIS COMPLAINT HAS BEEN EXAMINED BY ME AND THAT ITS CONTENTS ARE TRUE TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.

DATE: 1/5/22

DENNIS CORHN JR. #611013
PLAINTIFF PRO SE.

1/5/22
**PUBLIC NOTARY**
DANIEL SHERMAN
NOTARY PUBLIC, STATE OF MI
COUNTY OF JACKSON
MY COMMISSION EXPIRES Feb 22, 2023
ACTING IN COUNTY OF Ionia

Dennis Corhn Jr. Cell

Bellamy Creek Corr Facility

1727 W. Bluewater Hwy

Ionia, MI 48846

Screened by USMS



. S. District Court

 5 W Allegan

 nsing, MI 48933