UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

DENNIS CORHN JR.
   PLAINTIFF,

VS.

JAY COOLEY,

MATT MACAULEY,

JARED BUCHIN,
(UNKNOWN) GIBSON,

JANE DOE #1 (IBC NURSE)
   DEFENDANTS.

CASE NO 1:22-cv-282
HON. Sally J. Berens
MAG. U.S. Magistrate Judge

FILED - LN
March 25, 2022 2:10 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY __eod /____ SCANNED BY /3/25

BRIEF IN SUPPORT OF MOTION FOR

THE APPOINTMENT OF COUNSEL

THIS IS A CIVIL RIGHTS ACTION FILED BY DENNIS CORHN JR., A STATE PRISONER, FOR DAMAGES AND INJUNCTIVE RELIEF UNDER 42 USC§1983, ALLEGING DENIAL OF MEDICAL CARE IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION, RETALIATION IN VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION AND CIVIL RIGHTS CONSPIRACY TO DENY PLAINTIFF EQUAL PROTECTIONS AND PRIVILEGES IN VIOLATION OF 42 USC§1985(3). PLAINTIFF ALSO ALLEGES THE TORT OF NEGLIGENCE UNDER MICHIGAN STATE TORT LAWS AND SEEKS A DECLARATORY JUDGMENT AS TO THE UNCONSTITUTIONAL ACTS, OMISSIONS, AND PRACTICES MADE BY ALL DEFENDANTS UNDER 28 USC§2201 et seq.

STATEMENT OF FACTS

THE COMPLAINT ALLEGES THAT ON 12-27-19 A PRISON NURSE AND CORRECTIONS OFFICER DELIBERATELY AND NEGLIGENTLY FAILED TO PROVIDE PLAINTIFF

1

WITH IMMEDIATE MEDICAL ATTENTION AS HE WAS EXPERIENCING A SEVERE AND UNCOMMON INFLUX OF SYMPTOMS PLACING HIM UNDER MEDICAL DURRESS. A FEW HOURS LATER, PLAINTIFF WAS FOUND SUFFERING THROUGH A BRAIN ANEURYSM LAYING ON HIS CELL FLOOR. PLAINTIFF WAS TAKEN TO THE HOSPITAL AND SURGURY WAS PERFORMED RESULTING IN THE PLACEMENT OF MEDICAL DEVICES THROUGHOUT HIS BRAIN TO PREVENT FURTHER INJURY. AFTER PLAINTIFF RECOVERED, PLAINTIFF ALLEGES THAT HE WAS SUBJECTED TO MULTIPLE FORMS OF RETALIATION BY UNIT OFFICERS FOR PURSUING FORMAL GRIEVANCES ALLEGING CIVIL RIGHTS VIOLATIONS BY THE NURSE AND CORRECTIONS OFFICER WHO DENIED HIM MEDICAL ATTENTION ON 12-27-19. FURTHERMORE, PLAINTIFF CLAIMS THAT 4 OF THE 5 DEFENDANTS IN THIS MATTER DID CONSPIRE AND ATTEMPT TO DEPRIVE PLAINTIFF EQUAL ENJOYMENT OF HIS RIGHT TO ACCESS THE COURTS.

ARGUMENT

IN DECIDING WHETHER TO APPOINT COUNSEL FOR A LITIGANT, THE 6TH CIRCUIT CONSIDERS THE FACTUAL AND LEGAL ISSUES INVOLVED, AND THE ABILITY OF THE LITIGANT TO REPRESENT HIMSELF. SEE <u>LAVADO VS. KEOHANE, 992 F.2d 601, 605 (6th cir.1993)</u>. IN ADDITION, MANY COURTS HAVE SUGGESTED THAT THE MOST IMPORTANT FACTOR IS WHETHER THE CASE APPEARS TO HAVE MERIT. SEE <u>HENRY VS. DETROIT MANPOWER DEP'T, 763 F.2d 757, 760 (6th cir. 1985)</u>. PLAINTIFF ARGUES THAT EACH OF THESE FACTORS WEIGHS IN FAVOR OF APPOINTMENT OF COUNSEL IN THIS CASE.

FACTUAL AND LEGAL COMPLEXITY

THE PLAINTIFF ALLEGES IN HIS COMPLAINT THAT ON 12-27-19 HE APPROACHED A PRISON NURSE (NAME UNKNOWN) WITH AN INFLUX OF SYMPTOMS INCLUDING DIZZINESS, NEASEA, VOMITING AND PRESSURE BEHIND HIS EYES. THE NURSE REFUSED TO PROVIDE ANY MEDICAL ATTENTION AND TURNED PLAINTIFF AWAY.

THEN PLAINTIFF TRIED REQUESTING MEDICAL ATTENTION FROM A CORRECTIONS OFFICER (DEFENDANT COOLEY) AND HE WAS AGAIN DENIED HELP AND TURNED AWAY. A FEW HOURS LATER, PLAINTIFF WAS FOUND UNCONCIOUS ON HIS CELL FLOOR SUFFERING FROM A BRAIN ANEURYSM. PLAINTIFF WAS TAKEN TO A LOCAL HOSPITAL AND SURGURY WAS PERFORMED RESULTING IN THE PLACEMENT OF OVER 20 MEDICAL "SPRINGS" THROUGHOUT HIS BRAIN TO PREVENT FURTHER HARM. PLAINTIFF CLAIMS PERMANENT PHYSICAL, MENTAL AND EMOTIONAL INJURIES AS A RESULT OF THAT DENIAL OF MEDICAL ATTENTION ON 12-27-19. ADDITIONALY, PLAINTIFF ALLEGES THAT AFTER HIS RETURN TO THE PRISON RETALIATORY ACTIONS WERE TAKEN AGAINST HIM BY UNIT OFFICERS (DEFENDANTS COOLEY AND GIBSON) FOR THE PURSUIT OF GRIEVANCES AGAINST THE NURSE AND OFFICER WHO DENIED HIM MEDICAL ATTENTION ON 12-27-19. PLAINTIFF EXPERIENCED VERBAL/PUBLIC HARASSMENT, DEGREDATION, TARGETED BODY AND CELL SEARCHES AND CONSISTANTLY TREATED AS IF PLAINTIFF WAS WRONG FOR PURSUING HIS GRIEVANCES ON THE NURSE AND OFFICER. THESE ACTIONS WERE DONE PUBLICLY, ON NUMEROUS OCCASIONS, IN FRONT OF CAMERAS AND OTHER PRISONERS.

FURTHERMORE, PLAINTIFF RAISES CLAIMS THAT 4 OF THE 5 DEFENDANTS (DEFENDANTS COOLEY, GIBSON, MACAULEY AND BUCHIN) CONSPIRED AND ATTEMPTED TO DEPRIVE PLAINTIFF OF HIS RIGHT TO ACCESS THE COURTS. PLAINTIFF CLAIMS HE CAN PROVE THIS THROUGH DOCUMENTS, AFFIDAVITS, WITNESSES (SOME OF WHO HAVE TRANSFERED TO OTHER PRISONS), AND VERBAL INTERACTIONS.

THIS CASE WILL REQUIRE EXPERT MEDICAL OPINIONS, MEDICAL WITNESSES, EXTENSIVE DISCOVERY, THE ABILITY TO OBTAIN EXEMPT FOIA REQUESTS AND LEGAL EXPERTISE BEYOND PLAINTIFFS PHYSICAL OR MENTAL ABILITIES.

THIS LAWSUIT INVOLVES CLAIMS IN BOTH STATE AND FEDERAL JURISDICTIONS AND MAY INVOLVE LEGAL ISSUES BEYOND THE SCOPE OF NORMAL LITIGATION

FILED BY A PRO SE PRISONER. PLAINTIFF PRAYS THAT THIS COURT RECOGNIZES THAT THIS CASE IS COMPLEX IN FACT AND LAW AND WILL REQUIRE RESEARCH OF MANY DIFFERENT AREAS OF LAW INCLUDING THAT OF MEDICAL OPINION.

PLAINTIFFS ABILITY TO INVESTIGATE

AS PLAINTIFF CLAIMS, HE HAS RECENTLY SUFFERED THROUGH A BRAIN ANEURYSM. HE NOW HAS OVER 20 MEDICAL DEVICES IMPLANTED IN HIS BRAIN IN HOPES THAT IT WILL SAVE HIS LIFE. SINCE HIS SURGURY, PLAINTIFF CONTINUES TO SUFFER WITH VISION DEFICIENCIES, EXTREME HEADACHES AND MENTAL HEALTH ISSUES INCLUDING ANXIETY AND DEPRESSION. PLAINTIFF CLAIMS HIS VISION NOW PREVENTS HIM FROM READING AND WRITING CLEARLY LIKE HE USED TO BE ABLE TO. FOR EXAMPLE, WHEN PLAINTIFF IS RESEARCHING CASELAW, HIS EYES CREATE TUNNEL VISION AND THE WORDS BECOME BLURRY. HE THEN EXPERIENCES EXTREME HEADACHES AND IS REQUIRED TO LOOK AWAY MULTIPLE TIMES LOSING FOCUS IN THE PROCESS. PLAINTIFF ALSO CLAIMS HIS ANXIETY HAS WORSENED OUT OF FEAR THAT THE STRESS HE IS UNDER TO PURSUE THIS CASE AND LEARN ALL THE LEGAL COMPLEXITIES, THAT IT MAY INCREASE THE CHANCES OF ANOTHER BRAIN ANEURYSM OR WORSE.

PLAINTIFF HAS REPORTED THIS TUNNEL VISION, BLURRED VISION, DIZZINESS AND HEADACHES SINCE HIS SURGURY BUT THE GRIEVANCES HE HAS FILED AND THE REQUESTS FOR HELP HAVE ALL BEEN DENIED. SEE EXHIBIT A, (GRIEVANCE STEP 2 RESPONSE, DATED 11-12-21).

ADDITIONALLY, PLAINTIFF IS DEPENDING ON OTHER PRISONERS TO HELP DRAFT, RESEARCH AND TYPE THIS MOTION AND INITIAL FILINGS BECAUSE HE HAS BEEN DENIED ACCEPTANCE INTO THE PRISON LEGAL WRITER PROGRAM THAT COULD HAVE HELPED HIM PURSUE THIS ACTION. SEE EXHIBIT B,

STEP 2 APPEAL RESPONSE, DATED 9-28-21). THIS RELYANCE ON OTHER PRISONERS CREATE A PHYSICAL, MENTAL AND FINANCIAL RISK TO PLAINTIFF AND IS EVEN AGAINST MDOC POLICY TO ALLOW OTHER INMATES (JAILHOUSE LAWYERS) TO HAVE THIS POWER AND FINANCIAL HOLD OVER OTHER PRISONERS WHO TRULY NEED HELP ACCESSING THE COURT.

FURTHERMORE, PLAINTIFFS ACCESS TO RESOURCES IN THE PRISON LIBRARY IS VERY MINIMAL AND ONLY PROVIDES ENOUGH TO GAIN INITIAL ACCESS INTO THE COURT. THE LIBRARY DOES NOT PROVIDE FOR EXTENSIVE MEDICAL RESEARCH, INTERNET ACCESS OR DIRECTORIES TO ATTORNEYS AND EXPERT WITNESSES. DESPITE AN AVAILABLE BAR JOURNAL, A BAR JOURNAL DOES NOT PROVIDE ANY INFORMATION ON THE ATTORNEYS OR GUIDANCE ON THE ATTORNEYS AVAILABILITY OR EXPERTISE.

CONCLUSION

THE APPOINTMENT OF COUNSEL TO CIVIL LITIGANTS IS A DECISION LEFT TO THE SOUND DISCRETION OF THE DISTRICT COURT, AND THE DECISION WILL BE OVERTURNED ONLY WHEN THE DENIAL OF COUNSEL RESULTS IN FUNDAMENTAL UNFAIRNESS INPINGING ON ONES CONSTITUTIONAL RIGHTS. SEE RENEER VS. SEWELL, 975 F.2d 258, 261 (6th cir. 1992). IF THIS COURT DENIES APPOINTMENT OF COUNSEL, THE DISADVANTAGE OVER PLAINTIFF WILL SURELY CREATE A FUNDAMENTAL UNFAIRNESS TO PLAINTIFF THROUGHOUT THE REST OF THIS CASE. THE MDOC AND ITS OFFICIALS WILL SURELY HAVE EXPERIENCED DEFENDERS WITH COLLEGIATE DEGREES, DIPLOMAS AND ADVANCED SCHOOLING ON LAW. PLAINTIFF IS AN AVERAGE U.S. CITIZEN, NOT EXPERIENCED IN LAW BUT A PRISONER EXPERIENCING A SERIOUS CIVIL RIGHTS VIOLATION THAT CANNOT BE TREATED WITH IGNORANCE SINPLY FOR ONES ABILITY TO LITIGATE AS A PRO SE PRISONER.

FOR THE FOREGOING REASONS, THIS COURT SHOULD GRANT PLAINTIFFS

MOTION AND APPOINT COUNSEL IN THIS CASE.

### DECLARATION

PURSUANT TO 28 USC § 1746, I, DENNIS CORHN JR., DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: 1/5/22

DENNIS CORHN JR.
PLAINTIFF, PRO SE


RESPECTFULLY SUBMITTED,

DATE: 1/5/22

DENNIS CORHN JR. #611013
BELLAMY CREEK CORR. FACILITY
1727 W. BLUEWATER HWY.
IONIA, MICHIGAN 48846

Dennis Corhn Jr. #Cell

Bellamy Creek Corr Facility

1727 W. Bluewater Hwy

Ionia, MI 48846

Screened by USMS



. S. District Court

5 W Allegan

nsing, MI 48933