UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DENNIS CORHN, JR.,

        Plaintiff,

                              Case No. 1:22-cv-282

v.

                              Honorable Jane M. Beckering

JAY COOLEY et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a parolee[1] under 42 U.S.C. §§ 1983 and 1985, and state law.

Under Rule 21 of the Federal Rules of Civil Procedure, the Court may at any time, with or without motion, add or drop a party for misjoinder or nonjoinder. Fed. R. Civ. P. 21. Applying Rule 21, the Court will drop Defendant Gibson from this action and dismiss the claims against him without prejudice. The Court will also dismiss without prejudice as misjoined Plaintiff's claims against Defendants Macauley and Buchin other than Plaintiff's claims related to their responses to Plaintiff's grievances about conduct in December 2019.

Additionally, under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or

---

[1] According to Plaintiff's MDOC profile, the MDOC released him on supervised parole on August 16, 2022. *See* MDOC, *Offender Tracking Information Systems (OTIS) – Offender Profile*, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=611013 (last visited Aug. 17, 2022). At the time Plaintiff filed his complaint, however, he was a state prisoner. (*See* Compl., ECF No. 1, PageID.1, 2, 13.)

seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Macauley and Buchin. The Court will also dismiss, for failure to state a claim, Plaintiff's retaliation claim against Defendant Cooley.

The Court will also deny Plaintiff's pending motion to appoint counsel.

## Discussion

### I.   Factual Allegations

Plaintiff is presently on parole. The events about which he complains, however, occurred at the Michigan Department of Corrections' (MDOC) Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. Plaintiff sues the following IBC personnel: Warden Matt Macauley; Prison Counselor Jared Buchin; Correctional Officers Jay Cooley and Unknown Gibson; and Nurse Unknown Party #1.

Plaintiff alleges that at approximately 6:30AM on December 27, 2019, he went to IBC's healthcare window and told Defendant Nurse Unknown Party #1 that he had an "influx of uncommon symptoms" that included "vomiting, blurred vision, dizziness, severe headache and pain around [his] eyes." (Compl., ECF No. 1, PageID.4.) Plaintiff asked to be evaluated immediately. Nurse Unknown Party #1 allegedly refused to evaluate Plaintiff and told him to come back during the next shift. Although the complaint is unclear, Plaintiff appears to have returned to his cell and waited.

After approximately an hour of waiting, Plaintiff explained the same symptoms to Defendant Cooley and requested a healthcare pass. Cooley purportedly rejected Plaintiff's request and responded that he did not care about Plaintiff's symptoms.

Soon after Plaintiff's interaction with Defendant Cooley, Plaintiff lost consciousness and fell to the floor. Plaintiff alleges that he had a brain aneurysm, which ruptured and caused a hemorrhagic stroke. Plaintiff was taken to a hospital, underwent brain surgery, and had more than 20 devices placed throughout his brain. Plaintiff apparently remained in the hospital for nearly six weeks; he alleges that he returned to IBC on February 5, 2020.

Although Plaintiff does not allege when he filed a grievance against Defendant Cooley for his denial of medical care, Plaintiff received a Step 2 grievance response from Defendant Macauley on March 9, 2020. Macauley purportedly acknowledged the evidence against Cooley but nonetheless concluded that Cooley had not violated MDOC policy. The response further stated that Defendant Buchin's response—presumably to Plaintiff's Step 1 grievance—was "adequate and appropriate." (*Id.*, PageID.6.)

On April 28, 2020, Defendant Cooley purportedly harassed Plaintiff by saying "I am going to get you!" and other similar threats. (*Id.*, PageID.4.) Cooley allegedly did not harass any other prisoner in this manner. Plaintiff orally grieved the issue to Defendant Buchin, who responded, "[i]f you continue filing grievances then this will only get worse." (*Id.*, PageID.5.)

More than two months later, on July 2, 2020, Defendant Gibson allegedly began harassing Plaintiff. Gibson purportedly harassed Plaintiff about his aneurysm, tapped on Plaintiff's head, and told Plaintiff to "go file another grievance[;] you should have died." (*Id.*) When Plaintiff asked Gibson to stop, Gibson wrote Plaintiff a misconduct ticket. Plaintiff alleges that he reported Gibson's conduct to Defendant Buchin first on July 2 and again July 15, 2020. On July 2, Buchin

responded that he had warned Plaintiff what would happen if he continued filing grievances. When Plaintiff reported the conduct again on July 15, Buchin responded that the issue was not grievable. Buchin instead found Plaintiff guilty of retaliatory misconduct. Again, the complaint lacks details, but Plaintiff presumably was found guilty of Gibson's misconduct ticket from July 2. Plaintiff filed Step 2 grievance appeals, and on August 6, 2020, Defendant Macauley again found no violation of MDOC policy. Macauley also again wrote that Buchin's responses were "adequate and appropriate." (*Id.*, PageID.6.)

Plaintiff seeks compensatory and punitive damages as well as declaratory and injunctive relief.

## II.  Pending motion

Plaintiff has filed a motion to appoint counsel. (ECF No. 2.) Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position at this juncture. The Court will therefore deny Plaintiff's motion.

### III.     Misjoinder

Plaintiff brings this action against five Defendants, alleging discrete events that occurred over the course of more than six months.

#### A.     Improper joinder

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action:

> [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).

Courts have recognized that, where multiple parties are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed. 2001), *quoted in Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), *and Garcia v. Munoz*, No. 08-1648, 2008 WL 2064476, at *3 (D.N.J. May 14, 2008); *see also United States v. Mississippi*, 380 U.S. 128, 142–43 (1965) (joinder of defendants is permitted by Rule 20 if both commonality and same transaction requirements are satisfied).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless *one* claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778 (emphasis added) (internal quotation marks omitted). When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id.* (quoting *Nali v. Mich. Dep't of Corr.*, No. 07-10831, 2007 WL 4465247, at *3 (E.D. Mich. Dec. 18, 2007)).

Permitting improper joinder of parties or claims in a prisoner civil rights action also undermines the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004).

The Seventh Circuit has explained that a prisoner—or those who, like Plaintiff, were prisoners when they brought the action and therefore subject to 28 U.S.C. § 1915(g)—may not join in one complaint all of the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . . .
>
> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions— should be rejected if filed by a prisoner.

6

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168–69 (3d Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three-strikes provision of PLRA); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998) (declining to allow "litigious prisoners to immunize frivolous lawsuits from the 'three strikes' barrier by the simple expedient of pleading unexhausted habeas claims as components of § 1983 suits"); *Shephard v. Edwards*, No. C2-01-563, 2001 WL 1681145, at *1 (S.D. Ohio Aug. 30, 2001) (declining to consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee, because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision"); *Scott v. Kelly*, 107 F. Supp. 2d 706, 711 (E.D. Va. 2000) (denying prisoner's request to add new, unrelated claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule).

Under these circumstances, to allow Plaintiff to proceed with improperly joined claims and Defendants in a single action would permit him to circumvent the PLRA's filing fee provisions. Courts are therefore obligated to reject misjoined complaints like Plaintiff's. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

The Court will look to the first named Defendant and the first clear factual allegations involving that Defendant to determine which portions of the action should be considered related.[2] Plaintiff names Defendant Cooley as the first Defendant in the caption of the complaint (Compl.,

---

[2] The analysis of joinder must start somewhere. The first-named Defendant is also referenced in the first set of factual allegations on December 27, 2019. Therefore, by accepting the first-named Defendant and first factual allegations giving rise to a putative claim as the foundation for this joinder analysis, the Court is considering the issue of joinder of Defendants as Plaintiff has presented it in his complaint.

ECF No. 1, PageID.1) and in the list of Defendants (*id.*, PageID.2), and Cooley is in Plaintiff's first allegations giving rise to a putative claim (*id.*, PageID.3–4). As noted above, Plaintiff's first allegations that reasonably give rise to a claim assert that on December 27, 2019, Defendants Cooley and Nurse Unknown Party #1 denied Plaintiff's requests for medical care.

The conduct by Defendant Gibson is wholly unrelated to Plaintiff's putative claim regarding the failure to provide Plaintiff medical care in December 2019. The first allegations involving Gibson occurred in July 2020, more than six months after Defendants Cooley and Nurse Unknown Party #1 allegedly denied his request for medical care. Clearly, the time periods involved between the claims are separated by an extensive gap. Additionally, the alleged denial of medical care was not an act that remained ongoing in July 2020; Gibson's alleged conduct was an entirely separate act. Although the allegations, read in the light most favorable to Plaintiff, could describe a highly attenuated relationship between the denial of medical care in December 2019 and retaliation in July 2020, that relationship simply is not enough to conclude those claims *arise* out of the same transaction or occurrence. *See Proctor*, 661 F. Supp. 2d at 778. Moreover, there is no transaction or occurrence, *see* Fed. R. Civ. P. 20(a)(2)(A), nor is there a question of law or fact, *see* Fed. R. Civ. P. 20(a)(2)(B), that is common to all Defendants.

Plaintiff has, therefore, improperly joined to this action Defendant Gibson as well as the claims against Defendants Macauley and Buchin other than Plaintiff's claims against Macauley and Buchin arising out of their responses to Plaintiff's grievances related to the denial of medical care.

### B.     Remedy

Because the Court has concluded that Plaintiff has improperly joined to this action Defendant Gibson and the claims against him, the Court must determine an appropriate remedy. Under Rule 21 of the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for

8

dismissing an action." Fed. R. Civ. P. 21. Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572–73 (2004) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time . . . .'" (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989))); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *Carney v. Treadeau*, No. 2:07-cv-83, 2008 WL 485204, at *2 (W.D. Mich. Feb. 19, 2008); *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("[D]ismissal of claims against misjoined parties is appropriate."). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV*, 467 F.3d at 845. Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846–47.

In this case, Plaintiff brings causes of action under 42 U.S.C. § 1983. For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*,

9

No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

The statute of limitations, however, is subject to tolling. The Sixth Circuit has recognized that, in prisoner civil rights actions, the statute of limitations is tolled for the period during which a plaintiff's available state administrative remedies were being exhausted. *See Brown v. Morgan*, 209 F.3d 595, 596–97 (6th Cir. 2000).

> The Prison Litigation Reform Act amended 42 U.S.C. § 1997e to provide: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (1999) . . . . This language unambiguously requires exhaustion as a mandatory threshold requirement in prison litigation. Prisoners are therefore prevented from bringing suit in federal court for the period of time required to exhaust "such administrative remedies as are available." For this reason, the statute of limitations which applied to Brown's civil rights action was tolled for the period during which his available state remedies were being exhausted.

*Id.* at 596 (citing *Harris v. Hegmann*, 198 F.3d 153, 157–59 (5th Cir. 1999) (per curiam), and *Cooper v. Nielson*, 194 F.3d 1316, 1999 WL 719514 (9th Cir. 1999)). The Sixth Circuit noted that because it could not determine when the period of exhaustion expired, the appropriate remedy was to remand the case to the District Court to "consider and decide the period during which the statute of limitations was tolled and for such other proceedings as may be necessary." *Id*. at 597. Furthermore, "Michigan law provides for tolling of the limitations period while an earlier action was pending which was later dismissed without prejudice." *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003).

Plaintiff alleges that Defendants Gibson engaged in unconstitutional conduct no earlier than 2020. The same is true for any allegations against Defendants Macauley and Buchin. Whether or not Plaintiff receives the benefit of tolling during the administrative exhaustion period, *see*

10

*Brown*, 209 F.3d at 596, and during the pendency of this action, *Kalasho*, 66 F. App'x at 611, Plaintiff has sufficient time in the limitations period to file new complaints against Defendants Gibson, Macauley, and Buchin, and he will not suffer gratuitous harm if claims against these Defendants are dismissed.

Accordingly, the Court will exercise its discretion under Rule 21 and drop Defendant Gibson from this suit, dismissing Plaintiff's claims against him without prejudice to the institution of a new, separate lawsuit. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) ("In such a case, the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs"); *Carney*, 2008 WL 485204, at *3 (same). The Court will further dismiss without prejudice the misjoined claims against Defendants Macauley and Buchin. If Plaintiff wishes to proceed with his claims against the dismissed Defendants, he shall do so by filing new civil actions on the form provided by this Court.[3] *See* W.D. Mich. LCivR 5.6(a).

## IV. Failure to State a Claim

Under the PLRA, the Court must further screen Plaintiff's complaint to determine if the complaint, or any claim within it, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a

---

[3] As fully discussed in this opinion, Plaintiff is cautioned that he must limit all future actions to Defendants and claims that are transactionally related to one another.

complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges claims against Defendants Macauley, Buchin, Cooley, and Unknown Party #1 arising under the First and Eighth Amendments. Plaintiff also alleges state law claims against Defendants Cooley and Unknown Party #1.

### A.     Supervisory liability

Plaintiff fails to make specific factual allegations against Defendants Macauley and Buchin, other than his claim that they failed to respond to his grievances to his liking. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Macauley and Buchin engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### B.     First Amendment

Plaintiff alleges that Defendant Cooley retaliated against him, presumably for filing grievances against him.

13

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Although Plaintiff's claim is a close call, it fails on the second element. To establish the second element of a retaliation claim, a prisoner-plaintiff must show adverse action by a prison official sufficient to deter a person of ordinary firmness from exercising his constitutional rights. *Thaddeus-X*, 175 F.3d at 396. The adverseness inquiry is an objective one and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original). A specific threat of harm may satisfy the adverse-action requirement if it would deter a person of ordinary firmness from exercising his or her First Amendment rights, *see, e.g.*, *Thaddeus-X*, 175 F.3d at 396, 398 (threat of physical harm); *Smith v. Yarrow*, 78 F. App'x 529, 542 (6th Cir. 2003) (threat to change drug test results). However, certain threats or deprivations are so *de minimis* that they do not rise to the level of being constitutional violations. *Thaddeus-X*, 175 F.3d at 398; *Smith*, 78 F. App'x at 542.

In this case, Defendant Cooley's alleged threat that he was "going to get [Plaintiff]" was entirely vague and was unaccompanied by any actual conduct, such as the writing of a misconduct

14

ticket or a Notice of Intent. The Court concludes that such a vague statement would not deter a person of ordinary firmness from exercising his or her First Amendment rights. *See, e.g.*, *Hardy v. Adams*, No. 16-2055, 2018 WL 3559190, at *3 (6th Cir. Apr. 13, 2018) ("The alleged threat by Adams that she would make Hardy's life 'hell' is simply too vague to pass this threshold."); *Shisler v. Golladay*, No. 2:19-cv-80, 2019 WL 2590693, at *4 (W.D. Mich. June 25, 2019) (Golladay's threat that the ticket would be the least of the plaintiff's worries was "simply too vague" to support a First Amendment retaliation claim); *Dahlstrom v. Butler*, No. 2:18-cv-101, 2019 WL 91999, at *11 (W.D. Mich. Jan. 3, 2019) ("Krause's threat[--to 'get' a prisoner who files a grievance on Krause and 'steps out of line'--] is too vague and non-specific to deter a person of ordinary firmness from engaging in protected conduct."); *Yates v. Rogers*, No. 2:18-cv-180, 2018 WL 6629366, at *7 (W.D. Mich. Dec. 19, 2018) ("Defendant's vague threat to 'get' Plaintiff does not carry the same seriousness . . . ."); *Johnson v. Govern*, No. 2:17-cv-125, 2018 WL 6321548, at *2 (W.D. Mich. Dec. 4, 2018) ("Govern's alleged threat to 'put a case' on Johnson . . . was too vague to constitute adverse action."); *Hunter v. Palmer*, No. 1:17-cv-109, 2017 WL 1276762, at *11 (W.D. Mich. Apr. 6, 2017) ("Defendant DeMaeyer told Plaintiff that complaining would get him into a lot of trouble . . . . Such a vague threat of unspecified harm falls short of adverse action.").

In short, while the Court certainly does not condone Defendant Cooley's alleged behavior, his threat is simply too vague to constitute adverse action against Plaintiff. Plaintiff's allegations consequently fail to state a retaliation claim against Cooley. Accordingly, Plaintiff's retaliation claim against Cooley is properly dismissed.

    C.    **Eighth Amendment**

Plaintiff further alleges that Defendants Cooley and Nurse Unknown Party #1 violated his Eighth Amendment rights when they denied him healthcare after he reported multiple symptoms. A short time later, Plaintiff's brain aneurysm ruptured, which resulted in a hemorrhagic stroke.

15

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is

16

incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

On preliminary screening, the Court concludes that Plaintiff sufficiently alleged facts to state Eighth Amendment deliberate indifference claims against Defendants Cooley and Nurse Unknown Party #1.

**Conclusion**

The Court will deny Plaintiff's pending motion to appoint counsel.

Additionally, pursuant to Rules 18, 20, and 21 of the Federal Rules of Civil Procedure, the Court determines that the Defendant Gibson is misjoined in this action. The Court will drop Gibson from this suit, dismissing Plaintiff's claims against him without prejudice. The Court will also dismiss without prejudice Plaintiff's claims against Defendants Macauley and Buchin other than Plaintiff's claims related to their responses to Plaintiff's grievances about conduct in December 2019.

Having further conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's remaining claims against Defendants Macauley and Buchin will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's First Amendment retaliation claim against Defendant Cooley. Plaintiff's Eighth Amendment and state law claims against Defendants Cooley and Nurse Unknown Party #1 remain in the case.

An order consistent with this opinion will be entered.


Dated:   September 12, 2022              /s/ Jane M. Beckering
                                         Jane M. Beckering
                                         United States District Judge