UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS CORHN, JR.,

    Plaintiff,

v.

JAY COOLEY, et al.,

    Defendants.

_____/

Case No. 1:22-cv-282

HON. JANE M. BECKERING

**OPINION AND ORDER**

Plaintiff Dennis Corhn, Jr., initially proceeding *pro se*,[1] initiated this action on March 25, 2022 by filing a complaint describing events that occurred when Plaintiff was a state prisoner (ECF No. 1). At this time, Plaintiff is no longer incarcerated. *See* Michigan Department of Corrections (MDOC) Offender Tracking Information System, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=611013 (last visited Jan. 29, 2025). The only remaining Defendants in this action are Jay Cooley, a corrections officer, and Unknown Defendant #1 (Jane Doe), a nurse. *See* Ord., ECF No. 9 (dismissing all other defendants named in the complaint).

Defendant Cooley filed a motion for summary judgment, arguing that the Court should dismiss Plaintiff's action in its entirety (ECF No. 31 at PageID.128). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending the Court grant Defendant Cooley's motion, dismiss Plaintiff's Eighth Amendment claim with prejudice,

---

[1] Counsel appeared on behalf of Plaintiff on September 25, 2023 and Plaintiff now proceeds with counsel.

dismiss Plaintiff's state-law claim without prejudice, dismiss Plaintiff's claims against Unknown Party #1 (Jane Doe) without prejudice for failure to effect timely service, and terminate this action (ECF No. 40 at PageID.386).  The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 41).  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

*__Plaintiff's Eighth Amendment Claim Against Defendant Cooley.__*  Plaintiff alleges in his complaint that Defendant Cooley was deliberately indifferent to Plaintiff's serious medical need in violation of the Eighth Amendment.  Plaintiff contends that the "Report and Recommendation fails to properly interpret the deliberate indifference standard" (ECF No. 41 at PageID.400).  In particular, Plaintiff objects that the Magistrate Judge interpreted Sixth Circuit caselaw "to mean that only when a prisoner had a prior showing of a medical condition could the turning away of a plea for medical help constitute deliberate indifference" (ECF No. 41 at PageID.403).

As properly set forth by the Magistrate Judge, Eighth Amendment deliberate indifference claims have both an objective and a subjective component (R&R, ECF No. 40 at PageID.390 (discussing, *inter alia*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994))).  A medical need is objectively "serious" for the purposes of an Eighth Amendment deliberate indifference claim "if a physician has diagnosed it as mandating treatment *or* if the need for immediate medical attention is so obvious that even a layperson would easily recognize the severity of the situation" (R&R, ECF No. 40 at PageID.391 (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008))) (emphasis added).

Rather than engage with this standard, Plaintiff in his objections makes an unsubstantiated assertion that "Defendant Cooley did not have a right to rely on the assumption that Plaintiff's needs were not emergent" (ECF No. 41 at PageID.401). Plaintiff also describes a hypothetical prisoner who "complaints[sic] of chest pain and is sent back to his cell" without any citation to authority indicating that such a hypothetical would constitute an Eighth Amendment violation (*id.* at PageID.402).[2] Plaintiff has not shown that, at the time of Defendant Cooley's alleged unconstitutional conduct, Plaintiff had been diagnosed with any medical condition, nor has he shown that he exhibited symptoms that would have easily alerted a layperson to the severity of his situation. Indeed, as the Magistrate Judge noted, it is undisputed that even "[a] nurse, after hearing Plaintiff's self-described symptoms [of headache, dizziness, and nausea/vomiting], did not determine that Plaintiff had a need for emergent care" (R&R, ECF No. 40 at PageID.391–92 (citing Pl. Dep., ECF No. 31-2 at PageID.161)).

Moreover, to the extent Plaintiff bases his claim on a delay in medical treatment, the Magistrate Judge correctly concluded that Plaintiff's non-specific reference to a collection of medical imaging reports is insufficient to discharge Plaintiff's burden to "place verifying medical evidence in the record to establish the detrimental effect" of the delay (R&R, ECF No. 40 at PageID.390–92 (quoting and applying *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001))). Plaintiff's unsubstantiated assertion, apparently raised for the first time in his objections, that a medical professional "will testify" about the consequences of Defendant Cooley's conduct

---

[2] In addition, many sections of Plaintiff's argument merely reiterate—verbatim—the arguments he made to the Magistrate Judge in response to Defendant Cooley's motion for summary judgment. Any objection to a magistrate judge's report and recommendation must "specifically identify the portions of the proposed findings, recommendations, or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). Failing to do so demonstrates only that Plaintiff disagrees with the Magistrate Judge's decision, not that the Magistrate Judge erred in her analysis or ultimate conclusion.

does not compel a different conclusion. Accordingly, Plaintiff has not shown that the Magistrate Judge erred in her analysis or ultimate conclusion as to his Eighth Amendment claim against Defendant Cooley.

The Court notes that Plaintiff sued "all defendants … in their individual and official capacities" (ECF No. 1 at PageID.3 ¶ 9). The Magistrate Judge also recommends dismissal of Plaintiff's official capacity claim because Defendant Cooley, in his official capacity, is immune from damages under the Eleventh Amendment and because Plaintiff conceded that his request for injunctive relief is moot (R&R, ECF No. 40 at PageID.393–94 (citing Pl. Br. ECF No. 37 at PageID.335)). Plaintiff does not disagree with this recommendation in his objections.

***Plaintiff's Claims Against Unknown Party #1 (Jane Doe).*** Jane Doe has not been served. The Magistrate Judge observed that, in the months since the Court issued a Case Management Order on November 21, 2023 providing that discovery was to be completed by March 20, 2024, Plaintiff has not requested additional time to serve Jane Doe, nor moved the Court for assistance in identifying her, nor produced "any indication that Plaintiff served discovery requests seeking" Jane Doe's identity (R&R, ECF No. 40 at PageID.394–95). The Magistrate Judge thus recommends, in light of Plaintiff's "lack of diligence," that his claims against Jane Doe "be dismissed without prejudice for failure to timely effect service" (*id.* at PageID.395). Plaintiff objects that he "has sought the identify of Jane Doe throughout the discovery process" (ECF No. 41 at PageID.404). Yet Plaintiff puts forth no documentation to substantiate this proposition. The Court reviewed the record in this case and did not identify any such documentation or other evidence to support Plaintiff's direct contradiction of the Magistrate Judge. Accordingly, this objection is properly denied.

***Plaintiff's Negligence Claim.*** "In deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" (R&R, ECF No. 40 at PageID.395 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988))). Having recommended dismissal of Plaintiff's federal claims, the Magistrate Judge recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's negligence claim. Plaintiff argues in his objections that his "negligence claim is ready for trial" and that the "statute of limitations has long since run in the State of Michigan for filing of a negligence claim" (ECF No. 41 at PageID.405).

Plaintiff's objection does not demonstrate that the Magistrate Judge erred in recommending that the Court decline to exercise supplemental jurisdiction in this case. This case presents no "overwhelming interest in judicial economy" justifying the exercise of supplemental jurisdiction. *Cf. Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412–13 (6th Cir. 1991) (district court did not abuse discretion to exercise supplemental jurisdiction where "a substantial amount of time and resources had already been expended" in a securities fraud case). As the Magistrate Judge correctly stated, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." (R&R, ECF No. 40 at PageID.395 (quoting *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996))). This approach furthers the important interest of the Court avoiding the needless decision of state-law issues. *See Aschinger*, 934 F.2d at 1412 (recognizing this interest). Indeed, the question of whether Plaintiff's negligence claim is viable as a matter of state law has never been squarely before the Court.

Nor does Plaintiff's statute of limitations argument compel a different conclusion. First, this argument appears to be without merit. *See* 28 U.S.C. § 1367(d) ("[t]he period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period"); *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003) (citing *Yeo v. State Farm Fire & Cas. Ins. Co.*, 618 N.W.2d 916, 916 (Mich. Ct. App. 2000)) ("Michigan law provides for tolling of the limitations period while an earlier action was pending which was later dismissed without prejudice"). Moreover, Plaintiff did not raise his statute of limitations argument to the Magistrate Judge, thus depriving the Court of the benefit of the Magistrate Judge's recommendation on the issue. The Sixth Circuit has generally articulated that "issues raised for [the] first time in objections to [a] magistrate judge's report and recommendation are deemed waived." *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023) (quoting *Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000)). For the foregoing reasons, the Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's state-law claim.

In sum, Plaintiff's arguments fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 41) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 40) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 30) is GRANTED for the reasons stated in the Report and Recommendation.

Dated:  January 31, 2025                                    /s/ Jane M. Beckering
                                                                                     JANE M. BECKERING
                                                                                      United States District Judge